# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**REYNA IVETTE MENDEZ DIAZ,**

       **Plaintiff,**

**-vs-**         Case No. **6:12-cv-1108-Orl-31DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on review of the Commissioner's administrative decision to deny Plaintiff's application for disability insurance benefits. For the reasons set forth herein, it is **respectfully recommended** that the decision of the Commissioner be **REVERSED and the matter be REMANDED** for further proceedings.

## Procedural History

Plaintiff filed an application for disability insurance benefits on February 12, 2008, alleging disability since October 25, 2003 (R. 147-151). The application was denied initially and on reconsideration, and Plaintiff requested and received a hearing before an Administrative Law Judge ("the ALJ"). On May 25, 2010, the ALJ issued an unfavorable decision (R. 29-47). As the Appeals Council denied Plaintiff's request for review (R. 1-9), the ALJ's decision became the final decision of the Commissioner. Plaintiff filed her complaint in this action (Doc. No. 1) and the District Judge referred the matter to the undersigned. This case is now ripe for review pursuant to 42 U.S.C. Section 405(g).

## Nature of Claimed Disability

Plaintiff claims to be disabled prior to December 31, 2008, her date last insured, due to "back injury, carpal tunnell [sic], fibromyalgia, depression" (R. 175).

*Summary of Evidence before the ALJ*

Plaintiff was 42 years old on the date last insured (R. 46), with a ninth grade education and past relevant work experience as an apartment manager/maintenance person (R. 60-61, 176-77).

Plaintiff's pertinent medical history is set forth in detail in the ALJ's decision and, in the interests of privacy and brevity, is set forth in this opinion only as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes Plaintiff's testimony and that of a Vocational Expert, written forms and reports completed by Plaintiff, and opinions from examining and non-examining consultants. By way of summary, the ALJ determined that Plaintiff had the severe impairments of: cervical and lumbar spine disorder, bilateral carpal tunnel syndrome (left worse than right), depression, and anxiety (R. 34) and the record supports this uncontested finding. The ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appx. 1 (R. 34-36), and found that Plaintiff had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) involving the ability to lift/carry 20 pounds occasionally and 10 pounds frequently, and the ability to sit and stand/walk at least 6 hours each in an 8-hour work day. However, she needs opportunity to change positions while remaining in the work station. She is precluded from constant, repetitive handling, fingering, feeling, and grasping type tasks. She is precluded from climbing any ladders, ropes, or scaffolds. She is limited to occasional postural motions such as ramp or stair climbing, balancing, stooping, kneeling, crouching, and crawling. The claimant must avoid extreme heat and humidity conditions and dangerous work hazards such as unprotected heights or exposed machinery. The claimant is limited to routine, uncomplicated, non-production, non-quota type of pace work environments. She is limited to no more than occasional, required work interactions with co-workers, supervisors, and the public.

(R. 36).

The ALJ determined that Plaintiff was unable to perform any past relevant work (R. 46), but, based on testimony from a Vocational Expert ("VE"), in conjunction with the Medical-Vocational Guidelines provided at 20 C.F.R. Part 404, Subpart P, Appendix 2, the ALJ found that Plaintiff could perform a significant number of jobs that exist in the national economy (R. 46-47), and was therefore not disabled during the relevant period (R.47).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" 357 F.3d at 1240 n. 8 (internal quotation and citation omitted); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff raises several issues in her papers, contending that: 1) the ALJ failed to properly weigh the medical evidence; 2) the ALJ failed to properly evaluate Plaintiff's credibility; and 3) the ALJ relied upon flawed VE testimony.

*The five step assessment*

The Court reviews these objections in the context of the five step sequential evaluation the ALJ must follow in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). The plaintiff bears the burden of persuasion through step 4, while at step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

*Evaluation of the Medical Evidence*

Plaintiff's first objection goes to the ALJ's evaluation of the opinions of the treating and examining providers. As noted by Plaintiff, an ALJ is required to state the weight given to medical opinions. In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178–79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and

Case 6:12-cv-01108-GAP-DAB   Document 18   Filed 04/18/13   Page 5 of 16 PageID 794

severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id*. (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987).

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, *supra; Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. *See Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). When a treating physician's opinion does not warrant *controlling* weight, the ALJ must nevertheless weigh the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship; 3) the medical evidence supporting the opinion; 4) consistency with the record as a whole; 5) specialization in the medical issues at issue; 6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d). However, a treating physician's opinion is generally

entitled to more weight than a consulting physician's opinion. *See Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1527(d)(2).

*Treating Physician*

Applied here, in the decision, the ALJ summarized the treatment Plaintiff received from the examining doctors, including her long-standing treating psychiatrist, Dr. Lozano (R. 40-44).[1] Plaintiff presented complaining of depression and anxiety (R. 456). Mental status exam revealed depressed, anxious, sad and tearful mood, but she was alert and oriented, memory was fair and her thought process was intact. *Id.* Plaintiff was placed on medications and referred to counseling. Treatment notes reflect that her complaints of depression continued and numerous anti-depressants and anti-anxiety medications were prescribed and adjusted (R. 446-456).

Elias Gongora, Ph.D., evaluated Plaintiff on April 14, 2008, at Dr. Lozano's request (R. 483). Dr. Gongora administered psychological testing with the MMPI-2, which was considered to be valid. The psychologist stated:

> It is my professional opinion that this profile is consistent with a diagnosis of Depression and a great deal of concern about body functions and tendencies to somatize emotional difficulties. There is also some anxiety and some difficulties in finding a fit for themselves in society.

*Id.*

The psychologist stated that her testing suggested that the chances of successful psychotherapy were "not too good because such individuals learn to live with high levels of discomfort and they are actually unmotivated to make significant changes in life." *Id.* However, treatment with psychotropic medications was recommended. *Id.*

---

[1] As noted by Plaintiff in her Brief, she began treating with Dr. Lozano's group in April 2007 (R. 456) and continued with regular follow up visits through January 12, 2010 (R. 607). Although Plaintiff also treated with other doctors with respect to her physical impairments, Plaintiff's brief focuses solely on her psychiatric difficulties. *See* Doc. 16, fn. 3.

Plaintiff continued to treat with her psychiatrist for ongoing depression throughout 2008. Mental status examinations revealed a chronic depressed and sad mood, often with a restricted affect (R. 482, 530), and Plaintiff continued to complain of anxiety (R. 481, 478) and panic attacks (R. 530).

Dr. Lozano completed a "Treating Source Mental Health Report" at the request of the Social Security Administration on October 8, 2008 (R. 522-523). She identified mental status findings of a labile affect, a very depressed mood, feelings of hopelessness and helplessness, tearfulness, anxiety, a pessimistic outlook, very poor concentration, feelings of frustration, difficulty remembering and following even normal things like a television program, poor recent and remote memory, a tearful appearance, psychomotor retardation, forgetfulness, and decreased concentration. Dr. Lozano diagnosed major depression, recurrent, severe, and generalized anxiety disorder with panic attacks (R. 523). Her prognosis was guarded. Dr. Lozano opined that Plaintiff was unable to sustain gainful employment due to her symptoms of depression and anxiety. *Id.*

Treatment notes from November 2008 onward reflect continuing depression and anxiety, with panic attacks. Mental status was largely unchanged.

In the administrative decision, the ALJ summarized the above treatment notes, and found:

> As for the opinion of the claimant's treating physician, Dr. Lozano, the undersigned recognizes the nature of the treating relationship between the claimant and Dr. Lozano, but this relationship alone will not entitle the opinion of Dr. Lozano to be accorded controlling weight. Rather, I find that the opinion of Dr. Lozano is not entitled to controlling weight because it is inconsistent with the overall evidence of record. Moreover, the opinion of Dr. Lozano has been based primarily on the claimant's subjective symptoms and devoid of any explanation, rationale, clinical findings, or reference to objective testing. Specifically, although the claimant's medications had been adjusted on occasion, for the most part, her anti-depressant and anti-anxiety medications had remained fairly consistent, as have the claimant's subjective symptoms. In addition, therapy notes showed the claimant had intact thought process, was oriented, and was cognitively intact with only brief periods of worsening. In addition, she demonstrated fair memory and insight on a consistent basis. Accordingly, this opinion is given less weight.

(R. 44-45).

Plaintiff contends that the ALJ failed to give "good reasons" for rejecting the opinions from Dr. Lozano, erred in failing to give the opinion controlling weight, and failed to specify what weight was given, in any event.

Although the ALJ used the triggering language for the "good cause" exception by stating that the opinion was inconsistent with the overall evidence of record, the only specific evidence she mentions is not necessarily inconsistent. For example, while the ALJ notes that Plaintiff's anti-depressant and anti-anxiety medications "remained fairly consistent, as have [her] subjective symptoms," the fact that her complaints remained fairly consistent *despite* long treatment would seem to confirm the severe and chronic nature of the depression and panic disorder, not belie it. In addition, clinical findings of intact thought process, fair memory and insight are not *per se* antithetical to the existence of otherwise debilitating depression and anxiety disorders. While there may be a way to interpret the cited evidence to support the ALJ's finding, it is not for this Court to weigh the evidence in the first instance, and supply that rationale. *See Paltan v. Comm'r of Soc. Sec.*, No. 6:07-cv-932–ORL–19DAB, 2008 WL 1848342, at *5 (M.D. Fla. Apr.22, 2008) ("The ALJ's failure to explain how [treating physician's] opinion was 'inconsistent with the medical evidence' renders review impossible and remand is required.").

The ALJ's finding that the opinion is "based primarily on the claimant's subjective symptoms and devoid of any explanation, rationale, clinical findings, or reference to objective testing" is also not supported by substantial evidence. Depression and anxiety impairments are necessarily based on "subjective symptoms" to asubstantial degree. Here, however, the opinion is based on numerous clinical findings positive for debilitating depression and anxiety (R. 522-523), all as determined by a board certified psychiatrist who has treated the patient for years. Moreover, Dr. Lozano's opinion specifically references her "review of records" in formulating her opinion (R. 523). In addition to the mental status examinations showing depressed and anxious mood, restricted affect,

-8-

panic attacks and other symptomology, Dr. Lozano's records include the objective psychological testing performed by Elias Gongora, Ph.D., and her resulting "professional opinion" that is consistent with treatment resistant depression and anxiety.[2] While there may be a legitimate basis to find the treating psychiatrist's opinion is not entitled to controlling weight, the basis asserted by the ALJ here is not supported by substantial evidence.

Plaintiff also argues that the finding of "less weight" is ambiguous, and not consistent with the analysis required when controlling weight is not accorded a long standing treating practitioner. *See* 20 C.F.R. § 404.1527(c)(2)-(6). To the extent Plaintiff is contending that an ALJ must always explicitly evaluate and set forth each factor of the regulation, the Court is not persuaded. While the ALJ is required to set forth the weight given to the medical opinions under *Winschel*, the finding of "less weight" here is adequately explained by the ALJ subsequently in her decision, where she notes that: "The claimant has been given work limitations focused on her mental impairments, reduced ability to sustain concentration and persistence especially when under stress (hence the non production pace restriction), and has been given work limitations taking into account her need to avoid significant social contacts because of sadness, reduced concentration, and need to avoid significant stress." (R. 45). Thus, it is apparent that the ALJ gave the opinion "less weight" by crediting some of the limitations found by Dr. Lozano, but not all. On the merits, however, as set forth above, the Court finds that the decision to discount the opinion of the treating psychiatrist is not supported by substantial evidence here, and failure to adequately evaluate the opinion warrants remand.

*Examining Psychiatrist*

---

[2] It is worth noting that this opinion, although cited, was not weighed by the ALJ. On remand, it should be.

In addition to the opinion of the treating psychiatrist, the ALJ evaluated the opinion of Noel Figueroa, M.D., a board certified psychiatrist, who examined Plaintiff on April 10, 2010, after her date last insured (R. 690-701). Plaintiff's mental status examination showed she was alert and cooperative, and her mood was depressed (R. 692). Further:

> Her affect is depressed and anxious, congruent with mood. The patient's speech was clear and goal directed, with normal rate and volume. There was no formal thought disorder. She is not paranoid or delusional. She denies auditory or visual hallucinations. The patient has had fleeting suicidal thoughts, but no plan or intent. The patient denies any homicidal ideation, plan, or intent. The patient does not have any auditory or visual hallucinations. She is not paranoid or delusional. Cognitively the patient knew the day, the month, the year, the president now, and the president before. The patient was able to spell world forwards. She did have some problems with spelling world backwards. The patient's insight and judgement seem to be intact. Her sensorium was clear.

(R. 692). Impression was ongoing depression, and Dr. Figueroa diagnosed major depressive disorder, recurrent, without psychotic features, and chronic bilateral carpal tunnel syndrome and pain (R. 692).

Dr. Figueroa opined:

> After review of medical records and actual patient interview it is my opinion that the patient suffers from a Major Depressive Disorder and that the patient is not malingering. In my opinion this Major Depressive Disorder renders her unable to work due to ongoing pain and ongoing symptoms of depression and anxiety. The patient will have problems relating to coworkers, in following instructions, and in remembering details about work. She will show extreme behavioral problems with severe anxiety, panic attacks, etc. In my opinion the patient is not able to even tolerate mild stress. This obviously is compounded by the ongoing pain that she is suffering which is still not well under control. The psychiatric treatment that she has had is appropriate, although certainly not working and hopefully it needs to be revised at this time. The patient is not psychotic. In my opinion she is able to manage her own funds.

(R. 691-2).

Dr. Figueroa completed a Psychiatric/Psychological Impairment Questionnaire (R. 694-701), which identified clinical findings and detailed limitations in Plaintiff's ability to: remember locations and work-like procedures; understand, remember, and carry out detailed instructions; maintain attention and concentration for extended periods; perform activities within a schedule, maintain

regular attendance, and be punctual within customary tolerance; sustain ordinary routine without supervision; complete a normal workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; accept instructions and respond appropriately to criticism from supervisors; and, her ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes (R. 697-698). Dr. Figueroa opined that the earliest date the symptoms and limitations applied was 2003 (R. 701).

> In her decision, the ALJ did not credit the opinion, finding:
>
> As for the opinion of Dr. Figueroa, his opinion is also based upon a one-time examination of the claimant and not entitled to significant controlling weight. But, more importantly, his opinion is also based upon the claimant's subjective complaints and as to the ultimate issue of disability, this is a question reserved to the Commissioner. Also, Dr. Figueroa's functional assessment is inconsistent with an individual given a GAF rating of 59, which reflects moderate, but not serious mental functioning limitations. Therefore, less weight is accorded to Dr. Figueroa on this matter as well as it is generally inconsistent with the overall evidence of record.

(R. 45). Plaintiff contends that the ALJ failed to provide adequate reasons for discounting the opinions.

The Regulations establish a "hierarchy" among medical opinions that provides a framework for determining the weight afforded each medical opinion: "[g]enerally, the opinions of examining physicians are given more weight than those of nonexamining physicians, treating physicians' opinions are given more weight than non-treating physicians. *McNamee v. Soc. Sec. Admin.*, 164 Fed. Appx. 919, 923 (11th Cir. Jan. 31, 2006) (unpublished) (citing 20 C.F.R. § 404.1527(d)(1), (2), (5)). "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual become weaker." SSR 96-6p, 1996 WL 374180, at \*2 (citing 20 C.F.R. §§ 404.1527(f), 416.927(f)). "[T]he opinions of physicians or psychologists who do not have a treatment relationship with the individual are weighed by stricter standards, based to a

-11-

greater degree on medical evidence, qualifications, and explanations for the opinions, than are required of treating sources." *Id.* at *2. "[T]he opinions of State agency medical and psychological consultants and other program physicians and psychologists can be given weight only insofar as they are supported by evidence in the case record, considering such factors as the supportability of the opinion in the evidence including any evidence received at the administrative law judge and Appeals Council levels that was not before the State agency, the consistency of the opinion with the record as a whole, including other medical opinions, and any explanation for the opinion provided by the State agency medical or psychological consultant or other program physician or psychologist. The adjudicator must also consider all other factors that could have a bearing on the weight to which an opinion is entitled, including any specialization of the State agency medical or psychological consultant." *Id.* at *7.

Applied here, one of the reasons the ALJ discounted the opinion of this examiner was that it was based on a one time examination. As pointed out by Plaintiff, however, the ALJ gave "significant weight" to the state agency reviewers who did not examine the Plaintiff at all (R. 44).[3] As such, this reason is not enough to discredit the opinion. The ALJ offers other reasons: 1) the opinion is based upon the claimant's subjective complaints; 2) as to the ultimate issue of disability, this is a question reserved to the Commissioner; 3) the functional assessment is inconsistent with an individual given a GAF rating of 59, which reflects moderate, but not serious mental functioning limitations; and 4) the opinion is generally inconsistent with the overall evidence of record. These reasons, too, are inadequate as they are not supported by substantial evidence.

---

[3] The opinion of a non-examining physician "is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision." *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990). "The opinions of non-examining, reviewing physicians . . . when contrary to those of examining physicians are entitled to little weight in a disability case, and standing alone do not constitute substantial evidence." *Hoffman v. Astrue*, 259 Fed. Appx. 213, 217 (11th Cir. 2007).

As noted above, evaluation of mental illness is inherently based (at least in part) on subjective complaints. As for the second reason, Dr. Figueroa opined on much more than just the ultimate issue of disability.[4] With respect to the third reason, the GAF score has been deemed by the Commissioner to have limited utility in disability cases. *See Wind v. Barnhart*, 133 Fed. Appx. 684, 692 n. 5 (11th Cir. 2005) (citing 65 Fed. Reg. 50746 and noting that Defendant "has declined to endorse the GAF scale for 'use in the Social Security and SSI disability programs'"). Indeed, the ALJ recognizes this, by noting in her decision:

> With regard to the claimant's GAF score as noted above, the Global Assessment of Functioning (GAF) scale is a hypothetical continuum of mental health- illness found in the Diagnostic and Statistical Manual of Mental Disorders, 4th Ed. (DSM-IV), American Psychiatric Assoc., 1994. The DSM-IV acknowledges that "[t]he clinical and scientific considerations involved in categorization of [mental conditions] may not be wholly relevant to legal judgments, for example, that take into account such issues as individual responsibility, disability determination, and competency." Thus, a GAF score is a subjective, rather than an objective measure, and the diagnosis and assessment of a mental impairment under the criteria found in the DSM-IV are not entitled to great weight in making disability determinations. Indeed, "[t]he fact that an individual's presentation meets the criteria of a DSM-IV diagnosis does not carry any necessary implication regarding the individual's degree of control over the behaviors that may be associated with the disorder."

(R. 44).

As for the final reason, the ALJ fails to set forth the "evidence of record" she asserts is inconsistent.[5] In fact, as noted above, this opinion is consistent with the treating notes and the opinion of the long standing treating psychiatrist. The finding as to the weight to be given this opinion is not adequately explained or supported, and as such, must be reversed.

---

[4]The Eleventh Circuit, in *Winschel,* noted that judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, are themselves "opinion[s]" requiring the ALJ to state with particularity the weight given to it and the reasons therefor. 631 F.3d at 1178–79. Here, Dr. Figueroa provided detailed findings of limitations and restrictions which far exceed a simple "plaintiff cannot work."

[5]Although the Commissioner sets forth in her brief certain evidence which she asserts is inconsistent with this opinion, this explanation was not set forth by the ALJ. A reviewing court "cannot affirm based on a post hoc rational that 'might have supported the ALJ's conclusion.'" *Dempsey v. Comm'r of Soc. Sec.,* 454 Fed. Appx. 729, 733 (11th Cir. 2011), *citing Owens v. Heckler,* 748 F.2d 1511, 1516 (11th Cir. 1984).

*Credibility*

Plaintiff also objects to the ALJ's findings with respect to her credibility. When a claimant attempts to establish disability through subjective symptoms, the Eleventh Circuit follows a three-part test that requires: "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged [symptom] arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged [symptom]." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). If the objective medical evidence does not confirm the severity of the claimant's alleged symptoms but the claimant establishes that she has an impairment that could reasonably be expected to produce her alleged symptoms, the ALJ must evaluate the intensity and persistence of the claimant's alleged symptoms and their effect on the claimant's ability to work. *See* 20 C.F.R. §§ 404.1529(c), (d), 416.929(c), (d);  *Mack v. Comm'r of Soc. Sec.,* 420 Fed.Appx. 881, 883 (11th Cir. 2011). After considering a claimant's subjective complaints, the ALJ may reject them as not credible. Where an ALJ decides not to credit a claimant's testimony about pain or limitations, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote,* 67 F.3d at 1562.

Here, the ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms" but found that her statements concerning the intensity, persistence, and limiting effects of her symptoms were "not credible to the extent they are inconsistent with the above residual functional capacity assessment" (R. 38). The ALJ then proceeded to summarize the medical evidence of record, but does not set forth any explanation as to

*why* the Plaintiff's allegations of disability are not credible. This is error. As the credibility rationale is neither explicit nor obvious,[6] remand is required.[7]

### *The VE Hypothetical*

As noted above, after determining that Plaintiff could not return to her past relevant work, the ALJ utilized Vocational Expert testimony to determine that there were jobs in the national economy that Plaintiff could perform. Plaintiff asserts that this testimony cannot constitute substantial evidence to support the ultimate finding of no disability in that the "the ALJ's RFC (which formed the basis of her hypothetical to the VE) is not supported by substantial evidence." (Brief, p. 22).

Case law in this circuit requires that the ALJ employ hypothetical questions which are accurate and supportable on the record and which include all limitations or restrictions of the particular claimant. *Pendley v. Heckler*, 767 F.2d 1561 (11th Cir. 1985); *see also Dial v. Commissioner of Social Security*, 403 Fed.Appx. 420 (11th Cir. 2010) (per curiam). However, an ALJ is "not required to include findings in the hypothetical that the ALJ [has] properly rejected as unsupported." *Crawford v. Commissioner of Social Security*, 363 F. 3d 1155, 1161 (11th Cir. 2004). As the Court has found that the ALJ's determinations regarding Plaintiff's RFC and credibility were not made in accordance with proper standards and are not supported by substantial evidence, it necessarily follows that the hypothetical based on these findings must also be revisited.

---

[6]The Commissioner's argument with respect to this issue is sparse, relying almost exclusively on *Brown v. Comm'r of Soc. Sec.*, 442 Fed. Appx. 507 (11th Cir. 2011) for the proposition that "an ALJ's articulation of her credibility assessment was sufficient when she discussed the claimant's subjective complaints and then compared them to the evidence within the record" (Doc. 17, p. 12). Here, however, the Commissioner points to no portion of the decision where the ALJ conducted such a comparison. Rather, the ALJ summarized the testimony, found Plaintiff's allegations to be not credible, and then simply listed the medical evidence.

[7]Although the Court finds the credibility finding here cannot be sustained on this record, it does not agree with Plaintiff that the Commissioner must therefore "credit the testimony as true." As noted by the Eleventh Circuit in *Lawton v. Comm'r of Soc. Sec.,* 431 Fed. Appx. 830, 835 (11th Cir. 2011): "[O]ur earlier decisions had remanded cases to the agency when there was a failure to provide an adequate credibility determination. *See, e.g., Owens*, 748 F.2d at 1516; *Wiggins v. Schweiker*, 679 F.2d 1387, 1390 (11th Cir.1982). Pursuant to the prior precedent rule, we are bound by the holding of the first panel to address an issue of law, unless and until it is overruled by this Court sitting *en banc* or the Supreme Court."

## Conclusion

The Court finds the ALJ failed to properly evaluate the medical opinions and, as such, the ALJ's decision is not supported by substantial evidence. The Court also finds that the ALJ's credibility determination was not made in accordance with the proper legal standard. It is therefore **respectfully recommended** that the administrative decision be **REVERSED and REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. 405(g), for further proceedings.** On remand, the ALJ should be directed to reconsider *all* of the medical opinions offered in this case, taking care to specify the weight accorded to each opinion and articulating (with reference to specific evidence, if appropriate) her rationale for each finding. Upon reconsideration of all medical opinions found in the record, the ALJ shall reassess Plaintiff's residual functional capacity, which should include a fresh assessment of Plaintiff's credibility. If this recommendation is adopted, the Clerk should be directed to enter judgment accordingly, terminate all pending matters, and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 18, 2013.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy